```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Monique J. Harrington**

    **v.**                                            Case No. 07-cv-299-PB
                                                             Opinion No. 2009 DNH 123

**City of Nashua,**
**Nashua Police Department, and**
**Mark Schaaf**

## O R D E R

Monique J. Harrington has filed a motion for reconsideration of my previous Order (Doc. No. 28), wherein I dismissed her claims for false arrest and malicious prosecution. For the reasons set forth below, I deny the motion for reconsideration.

As I explained in my prior Order, plaintiff has asserted distinct constitutional claims for false imprisonment and malicious prosecution. See Wallace v. Kato, 549 U.S. 384, 389-90 (2007); Nieves v. McSweeney, 241 F.3d 46, 49 (1st Cir. 2001). I determined that plaintiff's false imprisonment claim is barred by the statute of limitations. I further determined that the evidence will not support a viable malicious prosecution claim because the prosecution did not result in a seizure under the Fourth Amendment. See Nieves, 241 F.3d at 55-57.

Plaintiff seeks reconsideration of my ruling concerning her malicious prosecution claim.  Her argument assumes that her continued detention after the criminal complaint was filed was the result of her prosecution rather than her arrest.  This assumption is incorrect.  The undisputed evidence establishes that plaintiff was arrested without a warrant.  Once plaintiff was arrested, the arresting officer was obligated to take plaintiff before a court "without unreasonable delay, but not exceeding 24 hours."  N.H. Rev. Stat. Ann. § 594:20-a.  The officer complied with his statutory duty by promptly bringing plaintiff before a bail commissioner, who released her on her own recognizance.  Defs.' Mot. for Summ. J., Doc. No. 11-2, at 5.  Until plaintiff was presented to the bail commissioner, she was detained based on the officer's power to arrest a person who has committed a misdemeanor in the officer's presence.  See N.H. Rev. Stat. Ann. § 594:10 (authorizing arrest and detention without a warrant for misdemeanors committed in the officer's presence).  The filing of the complaint played no role in plaintiff's continued detention.  Thus, whether or not the prosecution in this case was commenced when the complaint was filed, plaintiff's detention prior to her release on bail was the result of her

arrest rather than her prosecution.[1]  Any constitutional claim for damages resulting from this detention thus must be brought as an unlawful detention claim rather than as a malicious prosecution claim.[2]  Plaintiff's motion for reconsideration (Doc.

---

[1] Plaintiff asserts that "[d]efendant Schaaf then instituted legal process in the form of a criminal complaint charging the plaintiff with making a False Report to Law Enforcement . . . , *based upon which legal process the plaintiff was arrested*." Compl., Doc. No. 1, ¶ 45 (emphasis added).  The record, however, simply does not support this contention.  If plaintiff had been arrested based upon the filing of the complaint rather than the officer's power to arrest for a misdemeanor committed in his presence, a warrant supported by an affidavit establishing probable cause would have issued from the judicial officer authorizing the arrest. N.H. Rev. Stat. Ann. § 592-A:8 ("A justice of the peace or justice of the district or municipal court, upon such complaint, may issue a warrant for the arrest of the person so charged with an offense committed or triable in the county . . . ."); Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 564 (1971) (filing of complaint cannot support arrest absent probable cause).  No arrest warrant was obtained in this case.  Thus, plaintiff was detained based upon the officer's warrantless arrest rather than the commencement of a prosecution against plaintiff.

[2] I cannot determine from the record whether plaintiff was detained at all after the complaint was filed in the district court.  In fact, it seems unlikely that the officer would have filed the complaint prior to the plaintiff's release on personal recognizance at approximately 2:00 a.m.  In any event, any detention that plaintiff endured between the time the complaint was filed and the time she was released on bail was so brief that it cannot support a malicious prosecution claim even if I were to accept plaintiff's assertion that this short period of detention is attributable to her prosecution rather than her arrest.

No. 30) is denied.

    SO ORDERED.

                                    /s/Paul Barbadoro
                                    Paul Barbadoro
                                    United States District Judge

August 12, 2009

cc:   Gordon R. Blakeney, Jr., Esq.
      Brian J.S. Cullen, Esq.